**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LOCAL UNION 513 PENSION FUND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:20-cv-00499-JAR |
| ) | |
| JAMES MARTIN EXCAVATING INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiffs' "Motion for Entry of Partial Default Judgment - Accounting." (Doc. 8). Plaintiffs seek a preliminary order granting an accounting of records for the period of May 1, 2014 through the present date. Plaintiffs further request an order that James and David Martin be held personally liable for any damages attributable to James Martin Excavating Inc.

**I.      Factual Background**

Plaintiffs in this action are a union and several multi-employer fringe benefit funds (collectively "the Funds"). Plaintiffs filed this action on April 8, 2020, with the union filing under the Labor Management Relations Act, 29 U.S.C. § 185, and the Funds filing under the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1132. (Doc. 1). In the Complaint, Plaintiffs allege that James Martin Excavating Inc. failed to (1) accurately account to and fully pay several employee benefit funds, (2) remit deducted dues, and (3) make contributions to trust funds under the collective bargaining agreement between James Martin Excavating Inc. and its employees' union. (*Id.*) Plaintiffs further allege that James Martin and David Martin should be held liable for

James Martin Excavating Inc.'s violations and breaches pursuant to Mo. Rev. Stat. § 351.476.2(3), (2019).

Plaintiffs properly served Defendants on April 9, 2020, though no Defendant filed an answer or otherwise entered an appearance. The Clerk of Court entered an order of default on May 27, 2020. (Doc. 7). Defendants have not moved to set aside the default.

## II.     Legal Standard

Under Fed. R. Civ. P. 55(a), a court may enter a default judgment for failure "to plead or otherwise defend." "Default judgment for failure to defend is appropriate when the party's conduct includes 'willful violation of court rules, contumacious conduct, or intentional delays.'" *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (quoting *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993)). Although default judgments are disfavored under the law, *Harre*, 983 F.2d at 130, "entry of default judgment … is an appropriate exercise of a court's discretion for a party's repeated failure to comply with court orders due to willfulness or bad faith." *Monsanto Co. v. Hargrove*, 2011 WL 93718, at *2 (E.D. Mo. Jan. 11, 2011) (citation omitted). When the Clerk of the Court has entered default judgment against a defendant, the "allegations of the complaint except as to the amount of damages are taken as true." *Mueller v. Jones*, 2009 WL 500837, at *1 n. 2 (E.D. Mo. Feb 27, 2009). Further, "[a] party seeking damages under a default judgment must … prove its rights to such damages with affidavits or other supporting documentation." *Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc.*, 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted). *See* Fed. R. Civ. P. 8(b)(6) (stating that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

**III.     Discussion**

In deciding the instant motion for default judgment, the Court accepts as true the factual allegations set forth in Plaintiffs' complaint together with the affidavits presented in Plaintiffs' motion and memorandum in support as they relate to Plaintiffs' damages and prayer for relief. Defendant James Martin Excavating Inc. has failed to accurately account to and fully pay several employee benefit funds, remit deducted dues, and make contributions to trust funds under the collective bargaining agreement between James Martin Excavating, Inc. and its employees' union. (Doc. 1; 29 U.S.C. § 1132(g)(2)(E)). James Martin and David Martin can be held liable for James Martin Excavating Inc.'s violations and breaches after November 3, 2015 by virtue of their continuing to conduct business as James Martin Excavating Inc. for purposes other than winding up the corporate entity. Mo. Rev. Stat. § 351.476.2(3) (2019); *see McClain ex rel. Rutledge v. James*, 453 S.W.3d 255, 267 (Mo. Ct. App. 2014). Based on the applicable allegations and affidavits, the Court finds that Plaintiffs are entitled to the relief requested.

Plaintiffs also seek an accounting covering the time period of May 1, 2014 to the present under the parties' trust documents, collective bargaining agreement, and ERISA-based common law. ERISA entitles Plaintiffs to audit Defendants' books and check their payroll records and thereafter recover a sum equivalent to the amounts that should have been contributed on an hours-worked basis. *See Central States, Se. and Sw. Areas Pension Fund v. Central Transp., Inc.*, 472 U.S. 559, 565-66 (1985) (finding that the power of trustees to administer the trust entitle them to "demand and examine employer records").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Entry of Partial Default Judgment – Accounting" (Doc. 8) is **GRANTED.** Plaintiffs are awarded default judgment against

Defendants, which shall be joint and several for all periods after November 3, 2015. Plaintiffs are further granted their request for an accounting of all Defendants' records at the Defendants' expense, including individual compensation records, payroll registers, payroll journals, time-cards, federal and state tax forms, W-2 forms, 1099 forms, state quarterly tax returns, workers compensation reports, fringe benefit records and reports, job cost records, general ledger with cash disbursements and supporting documents, accounts receivables, invoices, and check stubs for the period of May 1, 2014 through the present date. Within **thirty (30) days** of the date of this Order, Defendants shall permit Plaintiffs to conduct this accounting.

**IT IS FURTHER ORDERED** that Plaintiffs shall, no later than **October 15, 2020**, file with the Court a report regarding the status of the Defendants' compliance with this Order.

Dated this 2nd day of September, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE