# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LOCAL 513 INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, et al., | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) No. 4:20-cv-00499-JAR ) |
| JAMES MARTIN EXCAVATING INC., et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This closed matter is before the court on Plaintiffs' Motion for Contempt. (Doc. 15). For the reasons discussed below, the motion will be granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs include a union, its authorized representative, and various component funds under its employee benefit plans ("Plaintiff Funds"). Defendant James Martin Excavating Inc. ("JME") is a Missouri corporation which has been administratively dissolved as of November 3, 2015. (Doc. 8-2 at 3). At the time of JME's dissolution, Defendant James Martin was President and Defendant David Martin was Vice President. (Doc. 1 at ¶¶ 10-11). Plaintiffs filed this action on April 8, 2020, with the union filing under the Labor Management Relations Act, 29 U.S.C. § 185, and Plaintiff Funds filing under the Employee Retirement Income Security Act, 29 U.S.C. § 1132. (Doc. 1). Plaintiffs allege that Defendants has failed to (1) accurately account to and fully pay several employee benefit funds, (2) remit deducted dues, and (3) make contributions to trust funds under the Collective Bargaining Agreement ("CBA") between JME and Local 513. (*Id.*).

The Complaint was served on each of James Martin (Doc. 3), David Martin (Doc. 5), and JME. (Doc. 4). After no answer was filed by the applicable deadline, the Clerk of Court entered default judgment on May 27, 2020. (Doc. 7). This Entry of Default was mailed to each of the Defendants. Plaintiffs subsequently filed a Motion for Default Judgment (Doc. 8) which this Court granted on September 2, 2020. (Doc. 10).[1] In granting default judgment, this Court found that James and David Martin have continued to operate the dissolved corporation other than for the purpose of winding up the entity, allowing them to be held personally liable pursuant to Mo. Rev. Stat. § 351.476.2(3). (Doc. 10 at 3). Accordingly, the Court judged the Defendants jointly and severally liable for all periods after November 3, 2015. (Doc. 10 at 4). The Court granted Plaintiffs' request for an accounting of Defendants' records and ordered that Defendants comply within thirty days of the Memorandum and Order. (*Id.*). Plaintiffs personally served Defendant James Martin a copy of this Court's Memorandum and Order. (Doc. 11).

On October 15, 2020, as directed by the Court, Plaintiffs filed a Status Report stating that Defendants had not contacted Plaintiffs or made any attempt to arrange the accounting ordered by this Court. (Doc. 13 at 2). On October 30, 2020, Plaintiffs filed the instant Motion for Contempt requesting that this Court (1) impose a monetary fine of $200 per day of noncompliance by Defendants; (2) issue a writ of body attachment if James and David Martin fail to appear; and (3) grant attorneys' fees and expenses incurred in bringing the motion. (Doc. 15-1 at 3). This Court promptly ordered Defendants to show cause why it should not grant Plaintiffs' Motion for Contempt, but Defendants failed to respond within the time allotted. (Doc. 16). Plaintiffs personally served this Court's Show Cause Order on David Martin while James Martin appears, per Plaintiffs' allegations, to have purposefully evaded service. (Doc. 18).

---

[1] On November 2, 2020, this Court clarified that its September 2, 2020 Memorandum and Order (Doc. 10) constituted a final judgment. (Doc. 17).

**II.     ANALYSIS**

Courts have authority to award sanctions for contempt in ERISA collection cases where the defendant and/or its representatives have failed to participate in discovery for purposes of determining the amount of liability for unpaid contributions. *Iron Workers St. Louis Dist. Council Annuity Trust v. Miller Bldg. Grp.*, No. 4:14-CV-1298 JAR, 2015 WL 1442801, at *1 (E.D. Mo. Mar. 27, 2015). Appropriate sanctions include monetary fines and the issuance of a writ of body attachment for incarceration until the contempt is purged. *Fischer v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir 1975) (fines); *Painters Dist. Council No. 2. v. Paragon Painting of Missouri, LLC*, No. 4:08-CV-01501 ERW, 2011 WL 3891870, at *1 (E.D. Mo. Sept. 1, 2011) (body attachment). Pursuant to Fed. R. Civ. P. 37(b) and 45(e), the issuance of an order of contempt may also include sanctions such as attorneys' fees and costs. *See, e.g.*, *Greater St. Louis Const. Laborers Welfare Fund v. Marshall Contracting*, No. 4:12-CV-524 JAR, 2012 WL 4759772 (E.D. Mo. Oct. 5, 2012) (awarding attorneys' fees). "The party moving for contempt sanctions bears the burden of proving facts warranting a civil contempt order by clear and convincing evidence." *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) (quoting *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998)).

This Court has provided Defendants ample time and numerous opportunities to appear and comply with this Court's Order to permit Plaintiffs to conduct an accounting. The Memorandum and Order (Doc. 10) was personally served on James Martin (Doc. 11-1) while the Show Cause Order (Doc. 16) was personally served on David Martin. (Doc. 18). Plaintiffs' attorney has stated by sworn affidavit that Defendants have not complied with this Court's order of an accounting, produced any documents, or even contacted Plaintiffs' counsel to schedule an accounting. (Doc.

15-2 at ¶ 5). Plaintiffs have met their burden of proving facts warranting a civil contempt order by clear and convincing evidence.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Contempt (Doc. 15) is **GRANTED** and Defendants are found in **CONTEMPT** of this Court. As sanctioned, Defendants are collectively fined $200.00 per day for each day after this date that Defendants fail to submit records for inspection or otherwise comply with this Court's Orders. The penalty is imposed as a joint and several obligation of the Defendants.

**IT IS FURTHER ORDERED** that Plaintiffs' request for an award of attorneys' fees and costs in bringing this Motion for Contempt is **GRANTED**. Counsel for Plaintiffs shall file an affidavit of fees and costs for the Court's consideration no later than **December 4, 2020**.

**IT IS FURTHER ORDERED** that Plaintiff's request for a writ of body attachment is denied without prejudice to refiling in the event of Defendants James and David Martin's continued non-compliance.

**IT IS FINALLY ORDERED** that Plaintiffs shall obtain service of this Memorandum and Order on Defendants by whatever means they believe to be most effective, and shall promptly file a certificate of such service. Failure to show adequate evidence of prompt service may result in the continuation or cancellation of the compliance fine ordered herein.

Dated this 25th day of November, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE