UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 513 INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  No. 4:20-CV-00499-JAR |
| JAMES MARTIN EXCAVATING INC., et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Partial Default Judgment. (Doc. 21). For the reasons discussed below, the motion will be granted.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs include a union, its authorized representative, and various component funds under its employee benefit plans. Defendant James Martin Excavating Inc. ("JME") is a Missouri corporation which was administratively dissolved as of November 3, 2015. (Doc. 8-2 at 3). At the time of JME's dissolution, Defendant James Martin was President and Defendant David Martin was Vice President. (Doc. 1 at ¶¶ 10-11). Plaintiffs filed this action on April 8, 2020 to recover delinquent fringe benefit contributions, underpaid wages, liquidated damages, attorneys' fees, and court costs owed by Defendants pursuant to the Employment Retirement Income Security Act, 29 U.S.C. §§ 1132, 1145 ("ERISA") and Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). (Doc. 1). Plaintiffs allege that Defendants have failed to (1) accurately account to and

fully pay several employee benefits funds, (2) remit deducted dues, and (3) make contributions to trust funds under the applicable Collective Bargaining Agreement.

Plaintiffs served the complaint on all Defendants. (Docs. 3-5). When no response was filed by the applicable deadline, the Clerk of Court entered default judgment on May 27, 2020, and this entry was mailed to each Defendant. (Docs. 7, 8). Plaintiffs subsequently filed a Motion for Entry of Partial Default Judgment – Accounting (Doc. 8), which this Court granted on September 2, 2020. (Doc. 10).[1] In granting partial default judgment, this Court found that James and David Martin have continued to operate the dissolved corporation other than for the purpose of winding up the entity, allowing them to be held personally liable for all periods after November 3, 2015 pursuant to MO. REV. STAT. § 351.476.2(3). (Doc. 10 at 3). This Court granted Plaintiffs' request for an accounting of Defendants' records and ordered that Defendants comply within thirty days of the Memorandum and Order. (*Id.* at 4). Plaintiffs personally served Defendant James Martin a copy of this Court's Memorandum and Order. (Doc. 11). On November 25, 2020, this Court granted Plaintiffs' Motion for Contempt based on Defendants' failure to provide the accounting ordered by this Court. (Doc. 19).[2] Plaintiffs now seek default judgment based on total known damages.

## II.     ANALYSIS

"Where default has been entered, the allegations of the complaint, except as to the amount of damages[,] are taken as true." *Carpenters' Dist. Council of Greater St. Louis and Vicinity v.*

---

[1] On November 2, 2020, this Court clarified that its September 2, 2020 Memorandum and Order (Doc. 10) constituted a final judgment. (Doc. 17).

[2] Defendant James Martin eventually appeared in person at the offices of Plaintiffs' counsel and made a partial production. (Doc. 20-1 at ¶ 9). Despite this Court's order, Defendants have still not produced individual compensation records, payroll registers, W-2 and 1099 forms, and fringe benefit records, among other documents. (*Id.* at ¶ 10).

*Hard Rock Founds., LLC*, No. 4:13-CV-01549 AGF, 2013 WL 6037097, at *2 (E.D. Mo. Nov. 14, 2013) (citation omitted). "In determining the amount of damages for a default judgment in an ERISA case brought by a plan against an employer, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10-CV-02339 AGF, 2012 WL 2848708, at *1 (E.D. Mo. July 11, 2012) (internal quotation omitted). A plaintiff is entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages – totaling twenty percent of the delinquency – interest, attorneys' fees, and costs. 29 U.S.C. § 1132(g)(2)(e). Damages must be proven by a preponderance of the evidence. *See Iron Workers St. Louis Dist. v. Arrow Fence, Inc.*, No. 4:11-CV-02019 AGF, 2013 WL 991658, at *2 (E.D. Mo. Mar. 13, 2013).

Plaintiffs employed a Payroll Examiner, Angela Cole, to conduct examinations of the records and determine the amount owed Plaintiffs. Ms. Cole's examination revealed total damages of $153,862.17 and individual damages against James and David Martin of $62,138.36 (for amounts owed after November 3, 2015). Ms. Cole has submitted an affidavit in support of her findings. (Doc. 21-2). Plaintiffs' attorney has also submitted an affidavit in support of the calculation of legal fees. (Doc. 21-9). This Court noted that the damages initially calculated by Plaintiffs included costs associated with prior litigation and accordingly ordered Plaintiffs to separate out those costs. (Doc. 22). Plaintiffs responded by providing revised total damages of $152,400.67 and individual damages against James and David Martin of $60,676.81. (Doc. 24). Upon its review of the entire record, this Court finds that Plaintiffs have provided adequate documentary evidence, affidavits, and other factual support for their damages claim.[3]

---

[3] On February 23, 2021, this Court ordered Defendants to show cause within 15 days why default judgment should not be granted. (Doc. 23). The Court also ordered Plaintiffs to serve the order on Defendants in a manner reasonably calculated to provide notice. Defendants failed to respond.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Default Judgment (Doc. 21) is **GRANTED**. A separate Judgment showing Defendants' full liability of $152,400.67 shall accompany this Memorandum and Order.

Dated this 17th day of March, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE